# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 1-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT **SUPERIOR COURT** www.jud.ct.gov  |

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven CT 06510 | ( 203 ) 503 – 6800 | 03/03/2020 |

| ☒ Judicial District  G.A. ☐ Housing Session  Number: | At (City/Town) New Haven | Case type code (See list on page 2) Major: T    Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Madsen, Prestley & Parenteau, LLC, 402 Asylum Street, Hartford CT 06103 | 415600 |

| Telephone number | Signature of plaintiff (If self-represented) |
| ( 860 ) 246 – 2466 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (If agreed) pbprestley@mppjustice.com |

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Weiss, Ann<br>Address: 87 Dunbar Lane, Hamden CT 06514 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Quinnipiac University<br>Address: 275 Mount Carmel Avenue, Hamden CT 06518 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: | Total number of defendants: | ☐ Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 01/16/2020 | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court ☐ Clerk | Name of person signing Todd D. Steigman |

| If this summons is signed by a Clerk: | For Court Use Only |
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |

**RETURN DATE: MARCH 3, 2020**

| | | |
|---|---|---|
| **ANN WEISS,** | : | **SUPERIOR COURT** |
| *Plaintiff* | : | |
| | : | **JUDICIAL DISTRICT OF** |
| **V.** | : | **NEW HAVEN AT NEW HAVEN** |
| | : | |
| **QUINNIPIAC UNIVERSITY,** | : | |
| *Defendant* | : | **JANUARY 15, 2020** |

## COMPLAINT

1. Plaintiff, Ann Weiss, is an individual currently residing in Connecticut. At all times relevant to this complaint, Plaintiff was employed by Quinnipiac University. Plaintiff was born in 1956.

2. Defendant, Quinnipiac University, is an educational institution located in Hamden, Connecticut. At all times relevant to this complaint, Defendant was Plaintiff's employer.

3. Defendant, Quinnipiac University, qualifies as an employer and is subject to the requirements of the Age Discrimination in Employment Act of 1967 and the Connecticut Fair Employment Practices Act.

4. Defendant, Quinnipiac University, has more than 20 employees.

5. In September 2001, Plaintiff began working for Defendant in the position of a Registered Nurse in Defendant's Student Health Services.

6. At the time of her hiring by Defendant, in addition to having her R.N., Plaintiff had a Bachelor's Degree in Nursing, and over 20 years of substantial relevant experience as a Clinical Nurse at Yale New Haven Hospital and Duke University Medical Center, including inpatient adolescent and young adult medicine, surgery, and psychiatric specialties.

7. Throughout her employment with Defendant, Plaintiff performed her job duties and responsibilities in a professional and competent manner, and received above average or excellent performance review.

8. During her employment with Defendant, Plaintiff regularly averaged twenty or more patients during the highest volume clinic hours, providing assessment, triage, education and care. She attended and participated in all staff meetings, oriented new employees, including a newly hired Assistant Director of Student Health Services. She regularly initiated review and change in policy to improve practice, including a switch from a walk-in to a provider appointment model, improved documentation and creating brochures about Student Health Services for students and parents. She was instrumental in creating a training manual for all staff, and was involved in the creation and implementation of an Electronic Health Record system, providing clinical data to update the system over a ten year period of time. She was fully qualified in all domains within Student Health Services, including assisting with provider clinics.

9. In 2018, Plaintiff was informed that the performance review tool was being revised and that the standard was going to be "meets expectations" no matter what the realistic evaluation was. When she reviewed her performance evaluation for 2018, Plaintiff found that although the language and comments about her performance were the same as or similar to her previous reviews, but the ratings were difference. Whereas prior to 2018 her performance received the highest rating (1 on a scale of 1 to 4, where 1 is the highest rating, indicating excellent performance, and 4 is the lowest, indicating poor performance), under the new rating system the same performance was rated merely as

"meets expectations" (on a scale of five rankings from unsatisfactory to exceptional, with Meets Expectations being the middle level ranking, with two rankings -- Unsatisfactory and Needs Improvement -- below, and two rankings – Exceeds Expectations and Exceptional – above).

10. Shortly after receiving her performance review, in a meeting with Monique Drucker, Vice President of Student Affairs, and a representative of Human Resources, on May 30, 2018, Plaintiff was informed of a planned reduction of hours in Student Health Services, from 24 hours, seven days per week, to 12 hours during the week and 8 hours on the weekend. Due to the reduction in hours, there would be a commensurate reduction in staffing at Student Health Services, resulting in a loss of employment for some members of the staff. Plaintiff was given no clear description of the selection process for determining who would be terminated and who would be retained; she was simply told that everyone would have to reapply for the positions that would remain after the reduction in staffing. She was given a job description, which included a requirement for a Bachelor's Degree in Nursing. Plaintiff asked if the per diem nurses would be included in this process, and was informed by Ms. Drucker that they would be.

11. On June 4, 2018, the positions available in Student Health Services were posted internally. Plaintiff noticed that the requirement for a Bachelor's Degree in Nursing had been removed from the job description, and when she asked why this had been done, she was told that it was so that all of the current employees could be considered for the post-reduction positions.

12. Plaintiff sent in her application for employment electronically, and included three references as requested by the posting. The references were from Philip Brewer, M.D.; Professor Jeanne LeVasseur, who had a clinical appointment at Student Health Services for several years; and Dr. Alice Holland, the former Director of Student Health Services. Plaintiff had worked with all of these individuals during her employment with Defendant, and they were familiar with her work ethic and performance.

13. On June 6, 2018, Plaintiff interviewed with the current Director of Student Health Services, Christy Chase, DNP; Director of Student Health Services and Assistant Director of Student Health Services, Nancy Hunter MSN; and Dr. Brewer, MD. At the start of the interview, Ms. Chase stated that she wasn't going to consider references, since she knew everyone so well. During the interview, Plaintiff was asked where she saw herself in five years' time; when Plaintiff objected to the ageist nature of the question, it was changed to where did she see Student Health Services in five years' time. Plaintiff was later told by other interviewees that although they were asked the second question, they did not recall being asked the first, or any other age-related questions.

14. On June 21, 2018, Plaintiff received an email setting up a meeting with Human Resources on the following day to discuss her "candidacy" for a post-reduction RN position. Contrary to the meeting's stated purpose in the email, when Plaintiff arrived at the meeting, she was told she was being terminated. Plaintiff asked how this decision was arrived at and was told by Ms. Drucker that they looked at "experience, annual reviews, and in consultation with Christy Chase, Nancy Hunter and Philip Brewer." When Plaintiff stated that this did not answer her question, Stephanie Matthews, the

4

Human Resources representative present at the meeting launched into a review of the exit paperwork, and no other questions asked by Plaintiff were answered. The meeting lasted approximately 15 minutes, at which point, after 17 years of exemplary service, Plaintiff found herself out of a job.

15. Many of the individuals retained after the reduction in staff had significantly less substantive experience than Plaintiff; some had never worked with providers or specialty clinics[Women's Health], and were accustomed to seeing only 2-4 patients per shift. Some of the individuals retained had previously been warned about the misuse of the appointment appliance to give themselves more free time at the inconvenience of the students attempting to make appointments. The staff retained, including several recently hired part time staff who were given full time positions, were almost all significantly younger and less experienced than Plaintiff. Some had very little experience in student health, and lacked a bachelor's degree.

16. On or about December 13, 2018, Plaintiff filed charges of discrimination with the Commission on Human Rights and Opportunities (CHRO) against Quinnipiac University. Those charges of discrimination alleged violations, *inter alia,* of the Connecticut Fair Employment Practices Act, and were designated as CHRO No. 1930333.

17. On or about October 22, 2019, the CHRO issued a release of jurisdiction with respect to those claims.

**COUNT ONE:** <u>**VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT**</u>

18. Based on the foregoing, Defendant violated Plaintiff's rights under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-51 *et seq.*

19. Plaintiff is a member of a protected class under CFEPA based on her age.

20. Defendant subjected Plaintiff to disparate treatment by subjecting her to an incrementally subjective layoff process and terminating her employment, and by discriminating against Plaintiff because of her age.

21. Defendant acted with reckless disregard of Plaintiff's rights.

22. As a consequence of Defendants' conduct, Plaintiff suffered damages, including, but not limited to, lost wages and compensation and benefits, and compensatory damages.

23. Plaintiff has also incurred, and continues to incur, attorney's fees and costs.

**COUNT TWO:** <u>**RETALIATION IN VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT**</u>

1-23. Paragraphs One through Twenty-three of Count One are incorporated as Paragraphs One through Twenty-three of this Count Two as if fully set forth herein.

**24.** Based on the foregoing, Defendant retaliated against Plaintiff in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-51 *et seq.*

**25.** Plaintiff engaged in protected activity, including by complaining about and opposing discriminatory employment practices.

6

26. Defendant had knowledge of Plaintiff's protected activity and subjected Plaintiff to acts of retaliation and discrimination because of Plaintiff's protected activity.

27. Defendant's actions were intentional or undertaken with reckless indifference to Plaintiff's rights.

28. As a result of Defendant's violation of Plaintiff's rights, Plaintiff suffered damages.

29. As a further result of said violation, Plaintiff has also incurred, and continues to incur, attorney's fees and costs.

**DEMAND FOR RELIEF**

Plaintiff hereby demands Judgment against Defendant, a Trial by Jury, and other relief, including, but not limited to the following:

1. Compensatory damages, economic damages, and non-economic damages, including, but not limited to, damages for lost compensation, wages and benefits, retirement benefits, loss of enjoyment, and emotional distress.

2. Appropriate legal, remedial, and equitable relief relating to Plaintiff's pay grade and pay step and increase in compensation;

3. Liquidated damages.

4. Attorney's fees and costs.

5. Punitive damages.

6. Interest.

7. Other relief that in law or equity may pertain.

PLAINTIFF,
ANN WEISS
By: /s/ Todd D. Steigman
Todd D. Steigman, Esq.
Madsen, Prestley & Parenteau, LLC
Juris No. 415600
402 Asylum Street
Hartford, CT 06103
Tel: (860) 246-2466;
Fax: (860) 246-1794
tsteigman@mppjustice.com

**RETURN DATE: MARCH 3, 2020**

| | | |
|---|---|---|
| ANN WEISS, | : | SUPERIOR COURT |
| *Plaintiff* | : | |
| | : | JUDICIAL DISTRICT OF |
| V. | : | NEW HAVEN AT NEW HAVEN |
| | : | |
| QUINNIPIAC UNIVERSITY, | : | |
| *Defendant* | : | JANUARY 15, 2020 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00, exclusive of interest and costs.

PLAINTIFF,
ANN WEISS

By:_____
Todd D. Steigman, Esq.
Madsen, Prestley & Parenteau, LLC
Juris No. 415600
402 Asylum Street
Hartford, CT 06103
Tel: (860) 246-2466;
Fax: (860) 246-1794
tsteigman@mppjustice.com

10

# Officer's Return

## WRIT, SUMMONS AND COMPLAINT RETURN

### (Personal and Abode Service)

STATE OF CONNECTICUT)
                     )  ss: HAMDEN            JANUARY 16,2020
COUNTY OF NEW HAVEN  )

Then and there by virtue hereof,of this original,scanned and or uploaded Writ,Summons and Complaint,and Statement Regarding Amount in Demand,I served the within named defendant, QUINNIPIAC UNIVERSITY

By leaving with and in the hands of said defendant,LUCILLE G.MAROTTOLO,ASSOCIATE VICE PRESIDENT AND PERSON AUTHORIZED TO ACCEOT SERVICE FOR QUINNIPIAC UNIVERSITY

The within and foregoing is the original,scanned and or uploaded Writ,Summons and Complaint,and Statement Regarding Amount in Demand,with my doings thereon endorsed.

ATTEST:

| FEES: | Travel  | $ 24.00 |
|       | Service |   40.00 |
|       | Pages   |   10.00 |
|       | Ends.   |    1.60 |
|       | Fees    |         |
| **TOTAL** |     | **$ 75.60** |

STATE MARSHAL H.Mark DeAngelis
P.O. Box 185471
Hamden, CT 06518
(203)215-7857