### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN WEISS, | : | |
| | : | CASE No. 3:20-cv-00375-JCH |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| QUINNIPIAC UNIVERSITY, | : | |
| | : | APRIL 9, 2020 |
| Defendant. | : | |

## ANSWER

As its Answer to the Amended Complaint, dated February 20, 2020, filed on behalf of plaintiff Ann Weiss ("plaintiff") in the above-captioned case, defendant Quinnipiac University ("defendant" or "QU") admits, denies, and alleges as follows:

1.      Defendant admits that QU employed plaintiff, as alleged in Paragraph 1 of the Amended Complaint, and admits the remaining allegations in Paragraph 1 upon information and belief.

2.      Defendant admits the allegations in Paragraph 2 of the Amended Complaint.

3.      Defendant admits the allegations in Paragraph 3 of the Amended Complaint.

4.      Defendant admits the allegations in Paragraph 4 of the Amended Complaint.

5.      Defendant denies the allegations in Paragraph 5 of the Amended Complaint, in that QU hire plaintiff in September 2001 as a Staff Nurse.

6.      Defendant admits upon information and belief that plaintiff possesses a Bachelor's degree in nursing and is a Registered Nurse, as alleged in Paragraph 6 of the Amended Complaint.  Defendant denies knowledge or information sufficient to form a belief as

to the remaining allegations in Paragraph 6 of the Amended Complaint regarding plaintiff's experience prior to being hired by QU.

7.      Defendant denies the allegations in Paragraph 7 of the Amended Complaint.

8.      Defendant denies the allegations in Paragraph 8 of the Amended Complaint except to admit that, like other staff working in high volume times, plaintiff averaged seeing twenty or more patients.   Defendant further admits that plaintiff attended staff meetings, orientation, and interviews, including interviews for the position of Assistant Director of Student Health Services, and that, as one of several appointed electronic health record "super users" on the day shift, plaintiff participated in the development of a resource book regarding the electronic health record.

9.      Defendant denies the allegations in Paragraph 9 of the Amended Complaint except to admit that plaintiff was informed in 2018 that the performance review tool was being revised, and to further admit that plaintiff received ratings of "meets expectations" in nearly all categories of her evaluation dated March 7, 2018.

10.     Defendant denies the allegations in Paragraph 10 of the Amended Complaint except to admit that Monique Drucker, Vice President of Student Affairs, informed plaintiff of a reduction in hours in Student Health Services and a commensurate reduction in staffing resulting in a loss of employment for members of the Student Health Services staff.   Defendant further admits plaintiff was told employees would be able to apply for the remaining positions and was given a job description that included a requirement for a Bachelor's degree in Nursing.

11.     Defendant admits the allegations in Paragraph 11 of the Amended Complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the familiarity of Professor Jeanne LeVasseur or Dr. Alice Holland with plaintiff's work ethic and performance, but otherwise admits the allegations in Paragraph 12 of the Amended Complaint.

13.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the Amended Complaint as to what plaintiff was told by other interviewees.  Defendant denies the remaining allegations in Paragraph 13 except to admit that plaintiff was interviewed on June 6, 2018 by Christy Chase, Director of Student Health Services; Nancy Hunter, Associate Director, Student Health Center; and Phillip Brewer, MD, University Medical Director for Student Health Services.

14.     Defendant denies the allegations in Paragraph 14 of the Amended Complaint except to admit that plaintiff received an email on June 21, 2018 setting up a meeting with Human Resources, and to further admit that Ms. Drucker and Ms. Mathews met with plaintiff on June 22, 2018.

15.     Defendant denies the allegations in Paragraph 15 of the Amended Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations as to the date of plaintiff's EEOC and CHRO filings but otherwise admits the allegations in Paragraph 16 of plaintiff's Amended Complaint.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 except to admit that the CHRO issued a release of jurisdiction on or about October 22, 2019.

**COUNT ONE:      DISCRIMINATION IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, C.G.S. § 46a-58, *et seq.***

18.     Defendant denies the allegations in Paragraph 18 of the Amended Complaint.

3

19.     Defendant admits the allegations in Paragraph 19 of the Amended Complaint.

20.     Defendant denies the allegations in Paragraph 20 of the Amended Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Amended Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Amended Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Amended Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

21.     Defendant denies the allegations in the second Paragraph 21 of the Amended Complaint.[1]

22.     Defendant denies the allegations in the second Paragraph 22 of the Amended Complaint.

23.     Defendant denies the allegations in the second Paragraph 23 of the Amended Complaint.

**COUNT TWO:     RETALIATION IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, C.G.S. § 46a-58,** *et seq.*

1.–23. Defendant incorporates by reference its responses to Paragraphs 1 through 23 of Count One as though fully set forth herein.

24.     Defendant denies the allegations in Paragraph 24 of Count Two of the Amended Complaint.

25.     Defendant denies the allegations in Paragraph 25 of Count Two of the Amended Complaint.

26.     Defendant denies the allegations in Paragraph 26 of Count Two of the Amended Complaint.

---

[1] Following Paragraph 24 of Count One of the Amended Complaint, the numbering restarts at Paragraph 21.  To avoid confusion this Answer follows the same numbering as the Amended Complaint.

27.     Defendant denies the allegations in Paragraph 27 of Count Two of the Amended Complaint.

28.     Defendant denies the allegations in Paragraph 28 of Count Two of the Amended Complaint.

29.     Defendant denies the allegations in Paragraph 29 of Count Two of the Amended Complaint.

**COUNT THREE:     DISCRIMINATION     IN     VIOLATION     OF     THE     AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 621,** *et seq.*

1.–23. Defendant incorporates by reference its responses to Paragraphs 1 through 23 of Count One as though fully set forth herein.

24.     Defendant denies the allegations in Paragraph 24 of Count Three of the Amended Complaint.

25.     Defendant admits the allegations in Paragraph 25 of Count Three of the Amended Complaint.

26.     Defendant denies the allegations in Paragraph 26 of Count Three of the Amended Complaint.

27.     Defendant denies the allegations in Paragraph 27 of Count Three of the Amended Complaint.

28.     Defendant denies the allegations in Paragraph 28 of Count Three of the Amended Complaint.

29.     Defendant denies the allegations in Paragraph 29 of Count Three of the Amended Complaint.

30.     Defendant denies the allegations in Paragraph 30 of Count Three of the Amended Complaint.

31.     Defendant denies the allegations in Paragraph 31 of Count Three of the Amended Complaint.

32.     Defendant denies the allegations in Paragraph 32 of Count Three of the Amended Complaint.

33.     Defendant denies the allegations in Paragraph 33 of Count Three of the Amended Complaint.

34.     Defendant denies the allegations in Paragraph 34 of Count Three of the Amended Complaint.

**COUNT FOUR:     RETALIATION     IN     VIOLATION     OF     THE     AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 621,** *et seq.*

1.–23. Defendant incorporates by reference its responses to Paragraphs 1 through 23 of Count One of the Amended Complaint as though fully set forth herein.

24.     Defendant denies the allegations in Paragraph 24 of Count Four of the Amended Complaint.

25.     Defendant denies the allegations in Paragraph 25 of Count Four of the Amended Complaint.

26.     Defendant denies the allegations in Paragraph 26 of Count Four of the Amended Complaint.

27.     Defendant denies the allegations in Paragraph 27 of Count Four of the Amended Complaint.

28.     Defendant denies the allegations in Paragraph 28 of Count Four of the Amended Complaint.

29.     Defendant denies the allegations in Paragraph 29 of Count Four of the Amended Complaint.

## Prayer for Relief

QU denies each and every allegation contained in plaintiff's prayer for relief and expressly denies that plaintiff is entitled to any form of relief requested therein or otherwise.

## Defenses

QU asserts the following defenses in response to the claims alleged in plaintiff's Complaint:

## First Defense

Plaintiff's Amended Complaint fails to state a claim upon which any relief may be granted.

## Second Defense

If plaintiff's alleged protected activity was in any way a motivating factor in the decision challenged in the Amended Complaint as retaliatory (and defendant expressly denies such was the case), the same decision would nevertheless have been made on the basis of legitimate, non-retaliatory business reasons.

## Third Defense

If age was in any way a motivating factor in any action or decision challenged in the Complaint as discriminatory (and defendant expressly denies such was the case), the same decision would nevertheless have been made on the basis of legitimate, non-discriminatory business reasons.

7

## Fourth Defense

Plaintiff has failed to mitigate her alleged damages, any entitlement to which is expressly denied.

## Fifth Defense

Pursuant to 29 U.S.C. § 623 (f)(3), any employment decision alleged to violate the ADEA was justified by good cause.

Respectfully submitted,

DEFENDANT,
QUINNIPIAC UNIVERSITY

By: */s/ Lawrence Peikes*
     Lawrence Peikes (ct07913)
     lpeikes@wiggin.com
     Caroline B. Park (ct29049)
     cpark@wiggin.com
     WIGGIN AND DANA LLP
     Its Attorneys
     Two Stamford Plaza
     281 Tresser Boulevard
     Stamford, Connecticut 06901
     P: (203) 363-7600
     F: (203) 363-7676

7377\376\4820-5525-5225.v1