UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANN WEISS, | : |
| | : CASE No. 3:20-cv-00375-JCH |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| QUINNIPIAC UNIVERSITY, | : |
| | : APRIL 28, 2020 |
| Defendant. | : |

**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed:  February 10, 2020 (filed in Superior Court of Connecticut)

Date Amended Complaint Filed (adding federal claims):  February 20, 2020 (filed in Superior Court of Connecticut)

Date Complaint Served:  January 16, 2020

Date of Removal and Defendant's Appearance:  March 18, 2020

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 26(f), undersigned counsel for the plaintiff and defendant conferred by phone, by exchanging electronic drafts of this Report and through electronic correspondence. The participants were Peter B. Prestley, counsel for plaintiff Ann Weiss ("plaintiff"); and Caroline B. Park, counsel for defendant Quinnipiac University.

### I.   Certification

Undersigned counsel (after consultation with their clients) certify that they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify

that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

A.     **Subject Matter Jurisdiction.** This Court has subject matter jurisdiction over the federal claims alleged in the Complaint pursuant to 28 U.S.C. § 1331.

B.     **Personal Jurisdiction.** Personal jurisdiction is not contested in this matter.

## III.    Brief Description of Case

A.     **Claims of Plaintiff:** Plaintiff, Ann Weiss, claims that her former employer, defendant Quinnipiac University subjected her to age discrimination and then retaliated against her and terminated her employment because she opposed the violation of her rights. Plaintiff has asserted state claims of age discrimination and retaliation under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-51 *et seq.*, and federal claims of age discrimination and retaliation under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 601, *et seq.*

B.     **Defenses and Claims of Defendants:** Defendant's Answer, filed on April 9, 2020, denied plaintiff's material allegations and asserted several defenses: (i) plaintiff has failed to state a claim upon which relief can be granted; (ii) if plaintiff's alleged protected activity was in any way a motivating factor in the decision challenged in the Amended Complaint as retaliatory (and defendant expressly denies such was the case), the same decision would nevertheless have been made on the basis of legitimate, non-retaliatory business reasons; (iii) if age was in any way a motivating factor in any action or decision challenged in the Complaint as discriminatory (and defendant expressly denies such was the case), the same decision would nevertheless have been made on the basis of legitimate, non-discriminatory business reasons; (iv) plaintiff has failed to mitigate her alleged damages, any entitlement to which is expressly denied;

2

(v) pursuant to 29 U.S.C. § 623(f)(3), any employment decision alleged to violate the ADEA was justified by good cause.

    **C.**    **Defenses and Claims of Third-Party Defendant(s):**  Not applicable.

### IV.    Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

    1.    Defendant is an educational institution located in Hamden, Connecticut.

    2.    Defendant hired plaintiff on or about September 2001 as a Staff Nurse.

    3.    Plaintiff filed charges of discrimination with the Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC").

    4.    The CHRO issued a release of jurisdiction on or about October 22, 2019. The EEOC issued a Dismissal and Notice of Rights dated November 22, 2019.

### V.    Case Management Plan

    **A.**    **Initial Disclosures.**  Initial Disclosures will be exchanged on or before May 20, 2020, unless the parties stipulate to a joint extension of time.

    **B.**    **Scheduling Conference.**

    1.    The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    2.    The parties prefer that a scheduling conference, if held, be conducted by telephone.

    **C.**    **Early Settlement Conference.**

1.      The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is not likely at this time.

2.      The parties do not request an early settlement conference.

3.      The parties prefer a settlement conference, when such conference is held, with the presiding judge or a magistrate judge.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.      Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings.**  The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.      Plaintiff should be allowed until June 1, 2020 to file motions to join additional parties and until June 1, 2020 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2.      Defendant should be allowed until June 1, 2020 to file motions to join additional parties.  In the event plaintiff files a second amended complaint, defendant should be allowed thirty (30) days from the date of filing to file a response to the amended complaint.  Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E.      Discovery.**

a.      Recognizing that the precise contours of the case, including the amount of damages at issue, if any, may not be clear at this point, in making the proposals below

concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties do not wish have anything to report to the Court regarding the "needs of the case," other than as set forth below.

  b. Plaintiff anticipates that discovery will be needed on any subject matter relevant to the claims and defenses in the case, including, but not limited to: Plaintiff's claims that she was subjected to age discrimination and retaliation; Plaintiff's claims that she engaged in protected activity by objecting to ageist questions during an interview; Plaintiff's claims that she was retaliated against by Defendant for engaging in protected activity and opposing the violation of her rights; Defendant's asserted justifications for terminating Plaintiff's employment; Plaintiff's damages; defenses to Plaintiff's claims and any affirmative defenses, as well as any other subjects that are relevant to Plaintiff's claims and Defendant's defenses.  Defendant anticipates that discovery will be needed on the following subjects:  (i) all subjects and issues fairly arising out of plaintiff's claims; (ii) all subjects and issues fairly arising out of defendant's defenses to plaintiff's claims; (iii) plaintiff's claims for alleged damages; and (iv) plaintiff's subsequent employment and earnings.  The parties reserve the right to conduct discovery based upon any additional facts discovered.

  c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence following the filing of the Parties' Rule 26(f) Report and will be completed (not propounded) by <u>January 31, 2021</u>.

  d. Discovery will not be conducted in phases.

  e. Not applicable, as discovery will not be conducted in phases.

  f. The parties anticipate that plaintiff will take up to five (5) depositions of fact witnesses and that defendant will take up to five (5) depositions of fact witnesses. The parties

may request permission to increase the number of depositions if rebuttal fact witnesses become necessary. The depositions will commence following the filing of the Parties' Rule 26(f) Report and will be completed by January 31, 2021.

      g.      The parties reserve the right to serve more than 25 interrogatories, and will not request permission to do so.

      h.      Both parties reserve the right to call expert witnesses at trial, but do not know at this time whether they will do so.

      i.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by November 30, 2020. Depositions of any such experts will be completed by December 31, 2020.

      j.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by May 20, 2020.

      k.      Undersigned counsel (after consultation with their clients) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information: The parties will take appropriate steps to preserve all relevant electronic information related to the claims in this case and will notify third parties to preserve all relevant electronic information as warranted. Unless it is cost prohibitive, any electronic information

produced in this litigation shall be provided in a manner most easily accessible to the non-producing party, either on disc or in paper format, at the non-producing party's option. Unless otherwise ordered by the Court, the producing party shall bear the cost of any such production. However, if the non-producing party requests a more expensive or cumbersome form of production than could be otherwise undertaken by the producing party, the parties will assume joint and equal responsibility for the expenses. Issues not addressed by this paragraph will be addressed as the case progresses.

l.   Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree that the procedures for the preservation, disclosure and management of such information are appropriately addressed in Section V.E.k of this Report.

m.   Undersigned counsel (after consultation with their clients) have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: The parties agree to utilize Local Civil Rule 26's privilege log under that rule's terms and conditions, with exceptions noted therein, and further agree to work with each other in good faith to avoid any discovery dispute. As soon as practicable after a claim of privilege arises or is identified after inadvertent production of any information or documents, the party claiming such privilege or protection shall notify the opposing party in writing, including identification of the claimed document(s) by Bates Stamp number, if any; the basis for such claim of privilege or protection; and all other information required for a privilege log under the applicable Rules, without waiving such privilege or protection.

Upon receipt of written notice of an alleged inadvertent disclosure, the receiving party, without prejudice to contesting the applicability of any claim of privilege or attorney work product, shall immediately return all copies (electronic and paper) of such information or documents to the producing party or otherwise certify as to its destruction, and the receiving party shall not use such information or documents for any purpose.  If the receiving party disclosed the information or documents before being notified, it must take reasonable steps to retrieve such material.  If the parties are not in agreement with respect to the claim of privilege or protection and they agree the dispute is substantive, the party asserting the existence of such privilege or protection shall promptly file a motion for protective order with the Court.

    **F.**    **Other Scheduling Issues.**    Undersigned counsel are not aware of any other potential scheduling issues.

    **G.**    **Summary Judgment Motions.**    Summary judgment motions, which must comply with Local Rule 56, will be filed on or before <u>March 15, 2021</u>.

    **H.**    **Joint Trial Memorandum.**    The parties will comply with the Court's pretrial order within sixty (60) days following entry of the Court's ruling on any dispositive motion.  If no dispositive motion is filed, the parties will comply with the Court's pretrial order within sixty (60) days after the completion of all discovery, i.e. <u>March 31, 2021</u>.

### VI.    Trial Readiness

This case will be ready for trial no sooner than sixty (60) days after the parties comply with the Court's pretrial order.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

| PLAINTIFF, | DEFENDANT, |
|---|---|
| ANN WEISS | QUINNIPIAC UNIVERSITY |
| By: _/s/ Peter B. Prestley_____<br>Peter B. Prestley (ct15799)<br>pbprestley@mppjustice.com<br>MADSEN, PRESTLEY & PARENTEAU, LLC<br>402 Asylum Street<br>Hartford, Connecticut 06103<br>P: (860) 246-2466<br>F: (860) 246-1794 | By:__/s/ Caroline B. Park_____<br>Lawrence Peikes (ct07913)<br>lpeikes@wiggin.com<br>Caroline B. Park (ct29049)<br>cpark@wiggin.com<br>WIGGIN AND DANA LLP<br>Its Attorneys<br>One Century Tower<br>265 Church Street<br>New Haven, Connecticut 06508<br>P: (203) 498-4400<br>F: (203) 782-2889 |