# MADSEN, PRESTLEY & PARENTEAU, LLC

*Representing Individuals in Employment and Benefits Law and Litigation*

Attorneys At Law
Hartford ● New London

January 4, 2021

402 Asylum Street
Hartford, Connecticut  06103
Telephone: (860) 246-2466
Facsimile: (860) 246-1794

**Peter B. Prestley, Esq.**
**pbprestley@mppjustice.com**

The Honorable Janet C. Hall
United States Courthouse
141 Church Street
New Haven CT 06510

Re:     Ann Weiss v. Quinnipiac University, Docket No.: 3:20cv00375 (JCH)

Dear Judge Hall:

This letter is to request a conference to address discovery disputes in the above-referenced matter regarding Defendant Quinnipiac University's failure to provide responses to a substantial number of Plaintiff Ann Weiss' discovery requests, including Interrogatory No. 3 and Request for Production Nos. 4 through 27, 30 and 31.  These requests, with the Defendant's objections, are attached hereto as Exhibit A.

Interrogatory No. 3 and Requests for Production Nos. 30 and 31 relate to other claims of age discrimination against the Defendant.  As Plaintiff has brought a complaint alleging age discrimination by the Defendant, she is entitled to examine any records regarding other complaints of age discrimination brought by current or former employees of Defendant to establish whether or not there is a pattern or practice of such discrimination by Defendant.

Request for Production Nos. 4 through 27 relate to the personnel files of other nursing candidates, some of whom were rehired during and after the restructuring of the Defendant's Student Health Center services, and others who, like the Plaintiff, were not rehired. Although Defendant claims that the documents sought in these requests were not used in evaluating the candidates during the restructuring and are therefore irrelevant, Defendant also stated in its discovery responses that "a collective decision was made not to contact references given that those responsible for the selection decisions were familiar with all the candidates."  Given that past history of employment with the Defendant was a consideration in the rehiring process, Plaintiff is entitled to the information sought in these Requests for Production.

The parties are currently in discussion regarding these disputed requests, and may reach agreement this week.  If an agreement is reached, Plaintiff will send an amended letter.  If no

agreement is reached, Plaintiff requests that the Defendant be ordered to provide the information and documents requested in Interrogatory No. 3 and Request for Production Nos. 4 through 27 and 30-31.

Respectfully submitted,
Plaintiff, Ann Weiss

By:        _/s/ Peter B. Prestley_
Peter B. Prestley (ct15799)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford CT 06103
Phone: (860) 246-2466   Fax: (860)) 246-1694
pbprestley@mppjustice.com
Her attorneys

Cc:    Lawrence Peikes (via email: lpeikes@wiggin.com)
Caroline Park (via email: cpark@wiggin.com)

**EXHIBIT A**

**U.S. DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **ANN WEISS,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION No.** |
| | : | **3:20CV00375 (JCH)** |
| **v.** | : | |
| | : | |
| **QUINNIPIAC UNIVERSITY,** | : | |
| **Defendant.** | : | |
| | : | **NOVEMBER 20, 2020** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION TO DEFENDANTS**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff

Ann Weiss hereby requests that Defendant Quinnipiac University ("Plaintiff") respond to

the following Interrogatories and Requests for Production, within thirty days of the date

of service to the offices of Madsen, Prestley & Parenteau, LLC, 402 Asylum Street,

Hartford CT 06103, in accordance with the instructions set forth below.

**INTERROGATORIES**

3.      Please identify all complaints made by any former or current employee of

Defendant, from January 1, 2010 through the present, alleging age discrimination and

or/retaliation either internally to Defendant, or externally to a federal or state

administrative agency or in a judicial forum.  In so doing, please identify:

> (a) The name of the person(s) making the complaint;
> (b) The date of the complaint;
> (c) The forum of the complaint (e.g. internal, CHRO, state court, etc.);
> (d) A summary of the complaint; and
> (e) All non-privileged documents concerning, referring to and/or relating to

said complaint.

**RESPONSE:** Defendant objects to this interrogatory on the ground that it is overly broad and seeks information that is neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). This interrogatory is not confined to the time period relevant to this case, nor is it limited to complaints initiated by similarly situated employees.

## Requests for Production

4.      Produce a copy of the complete personnel file of Mary Lord.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy 11
rights and expectations.

5.      Produce copies of documents contained in any supervisory file which may be

maintained separately from the official personnel file for Mary Lord.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy 11
rights and expectations.

6.      Produce a copy of the complete personnel file of JoAnn Montz.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are

2

therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

7.      Produce copies of documents contained in any supervisory file which may be

maintained separately from the official personnel file for JoAn Montz.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

8.      Produce a copy of the complete personnel file of Sarah Ballough.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

9.      Produce copies of documents contained in any supervisory file which may be

maintained separately from the official personnel file for Sarah Ballough.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

10.      Produce a copy of the complete personnel file of Theresa O'Connor.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

11.     Produce copies of documents contained in any supervisory file which may be

maintained separately from the official personnel file for Theresa O'Connor.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

12.     Produce a copy of the complete personnel file of Jayne Barese.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

13.     Produce copies of documents contained in any supervisory file which may be

maintained separately from the official personnel file for Jayne Barese.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly

confidential, their disclosure would violate the employees' privacy rights and expectations.

14.     Produce a copy of the complete personnel file of Renee Rollier.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

15.     Produce copies of documents contained in any supervisory file which may be

maintained separately from the official personnel file for Renee Rollier.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

16.     Produce a copy of the complete personnel file of Lisa Delaney.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

17.     Produce copies of documents contained in any supervisory file which may be

maintained separately from the official personnel file for Lisa Delaney.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

18.     Produce a copy of the complete personnel file of Tricia Siefker.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

19.     Produce copies of documents contained in any supervisory file which may be

maintained separately from the official personnel file for Tricia Siefker.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

20.     Produce a copy of the complete personnel file of Colleen Gethings.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

21.    Produce copies of documents contained in any supervisory file which may have

been maintained separately from the official personnel file for Colleen Gethings.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

22.    Produce a copy of the complete personnel file of Sharon O'Connor.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

23.    Produce copies of documents contained in any supervisory file which may have

been maintained separately from the official personnel file for Sharon O'Connor.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

24.    Produce a copy of the complete personnel file of Tammy Payne.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this

case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

25.     Produce copies of documents contained in any supervisory file which may have

been maintained separately from the official personnel file for Tammy Payne.

**RESPONSE:** Defendant objects to this request on the ground that it is overly broad in time and seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). In evaluating candidates for the open RN positions in the SHS post-restructuring, QU did not review, or consider the contents of, the candidates' personnel files or records. The requested documents are therefore plainly irrelevant. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

26.     Produce a copy of the complete personnel file of any additional individuals hired

for nursing positions with Defendant after the Restructuring.

**RESPONSE:** Defendant objects to this request on the ground that it seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). Plaintiff did not apply for any open nursing positions following the restructuring of the SHS, nor does she allege that QU unlawfully denied her a post-restructuring position. Personnel documents and other information concerning any nurses hired by the SHS post-restructuring therefore has no bearing whatsoever on the claims in this case. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

27.     Produce copies of documents contained in any supervisory file which may be

maintained separately from the official personnel file for any additional individuals hired

for nursing positions with Defendant after the Restructuring.

**RESPONSE:** Defendant objects to this request on the ground that it seeks documents that are neither relevant nor proportional to the needs of this case based on the factors set forth in Fed. R. Civ. P. 26(b). Plaintiff did not apply for any open nursing positions

8

following the restructuring of the SHS, nor does she allege that QU unlawfully denied her a post-restructuring position. Personnel documents and other information concerning any nurses hired by the SHS post-restructuring therefore has no bearing whatsoever on the claims in this case. Additionally, the requested documents are highly confidential, their disclosure would violate the employees' privacy rights and expectations.

30.     Produce copies of all non-privileged documents related to any complaints

identified in response to Interrogatory No. 3.

**RESPONSE:** <u>See</u> response to Interrogatory No. 3.

31.     Produce copies of all non-privileged documents reflecting, concerning, or relating

to any investigation of any complaints identified in response to Interrogatory No. 3.

**RESPONSE:** <u>See</u> response to Interrogatory No. 3.